UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CARLOS NUNEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-08-258 |
| | § | |
| OCWEN LOAN SERVICING, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

On this day came on to be considered Plaintiffs' Motion to Remand. (D.E. 3.) For the reasons discussed below, Plaintiffs' motion is hereby DENIED.

### I.    Factual and Procedural Background.

On December 4, 2007, Plaintiffs filed their original complaint in the District Court for Kleberg County, Texas, 105th Judicial District.[1] (D.E. 1, Ex. B-1.) Plaintiffs brought claims arising from the foreclosure of a home equity loan against Defendants, Lehman Capitol and Ocwen Loan Servicing, LLC. (Id.) Plaintiffs alleged that, as a result of the foreclosure, they suffered damages in an amount "equal to the difference between the fair market value of the property [*i.e.*, their home] as of November 6, 2007, and the debt, if any, owed on the property, or the difference between $52,080.00 and the debt, if any, owed on the property, whichever is greater." (Id., ¶ VII.) Plaintiffs also asserted that "no debt is owed." (Id., ¶ IV.)

Defendants conducted an investigation to determine the fair market value of the property as of November 6, 2007. (D.E. 8 at 4.) Defendants' records revealed that the fair market value of the property on that date was $54,450.00. (Id., Exs. A, A-1.) Defendants also requested and reviewed the Kleberg County Central Appraisal District's records regarding the property. (Id. at

---

[1] Defendants do not specify when they were served with process. (D.E. 1.) They do, however, state that they were served before January 9, 2008, the date they filed their original answer. (Id., ¶ 2.)

4, Exs. C, C-1.)  These records listed the tax-assessed value of the property in 2007 as $37,780. (Id.)

On July 7, 2008, seven months after the lawsuit was filed, Plaintiffs asserted in a response to Defendants' requests for production that "the fair market value [of the property as of November 6, 2007,] was $79,000.00." (D.E. 1, Ex. D.)  On August 1, 2008, Defendants filed a notice of removal with this Court arguing that federal subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1332, diversity of citizenship.  (D.E. 1.)  Defendants stated that, prior to Plaintiffs' response, they were unaware that the amount in controversy exceeded the jurisdictional amount, *i.e.*, $75,000.00.[2]  (Id.)  They argued that, because their notice was filed within thirty days of their receipt of Plaintiffs' response and less than one year after the lawsuit was filed, removal was timely.[3]  (Id.)

On August 28, 2008, Plaintiffs filed a motion to remand, arguing that Defendants' removal was not timely and that the amount in controversy "is still undetermined."  (D.E. 3.) Defendants filed a response in opposition to Plaintiffs' motion on September 17, 2008.  (D.E. 8.)

**II.    Discussion.**

Under Fifth Circuit law, a removing defendant's burden of demonstrating that the amount in controversy exceeds $75,000.00 differs based on whether or not the plaintiff's complaint alleges a specific amount of monetary damages.  See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).  If the plaintiff alleges damages in excess of $75,000.00, "that amount controls if made in good faith."  Id. (citing St. Paul Mercury Indem. Co. v. Red Cab Co.,

---

[2]    Plaintiffs do not dispute that there exists complete diversity of citizenship between the parties.  (D.E. 3.)

[3]    See 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.").

303 U.S. 283, 289 (1938)); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314 (11th Cir. 2002) (removal standards "give great weight to the plaintiff's assessment of the value of plaintiff's case"). If the plaintiff alleges an indeterminate amount of damages, however, the removing defendant must prove by a preponderance of the evidence that the amount exceeds $75,000.00. Simon v. Wal-Mart Stores, 193 F.3d 848, 849 (5th Cir. 1999); De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). If the removing defendant meets this burden of proof, removal is proper unless the plaintiff can show, to a legal certainty, that he cannot recover more than $75,000.00. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411.

Plaintiffs did not allege a specific amount of monetary damages in their complaint. (D.E. 1, Ex. B-1.) Thus, to remove this case to federal court, Defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Simon, 193 F.3d at 849. Defendants met this burden by pointing to Plaintiffs' discovery response, which demonstrates that Plaintiffs value their damages at more than $75,000.00. "Such pre-removal damage assessments by state court plaintiff[s] have routinely been found sufficient to support removal." Jones v. CMM of Ind., LLC, C.A. No. 05-4039, 2006 U.S. Dist. LEXIS 1156, at *8-9 (E.D. La. Jan. 17, 2006) (citing Wilson v. Belin, 20 F.3d 644, 651 n.8 (5th Cir. 1994); Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871-72 (6th Cir. 2000); Nutter v. Waffle House, Inc., No. Civ.A. 04-3150, 2005 U.S. Dist. LEXIS 17839, at *1-2 (E.D. La. Aug. 4, 2005); Nelson v. Nationwide Mut. Ins. Co., 192 F. Supp. 2d 617, 620 (E.D. La. 2001)).

Because Defendants have met their burden, remand is proper unless Plaintiffs can demonstrate to a "legal certainty" that they cannot recover more than $75,000.00. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411. Plaintiffs do not even attempt to show that that they cannot recover more than $75,000.00, stating only that "the amount [in controversy] is still

undetermined." (D.E. 3, ¶ 4.) Plaintiffs' only other argument in support of remand is that Defendants' removal is untimely, as it was not filed within thirty days of Defendants' receipt of Plaintiffs' complaint. (Id., ¶ 1.) Because Defendants' notice of removal was filed within thirty days of Defendants' receipt of Plaintiffs' discovery response, however, and because the discovery response is the "paper from which it [was] first … ascertained that the case is one which is or has become removable," Defendants' notice of removal is timely. 28 U.S.C. § 1446(b).

### III.  Conclusion.

For the reasons discussed above, Plaintiffs' motion to remand is hereby DENIED.

SIGNED and ORDERED this 6th day of October, 2008.

_____
Janis Graham Jack
United States District Judge